UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **O'NEIL GILBERT, III** | **CIVIL ACTION** |
| **VERSUS** | **NO. 22-4564** |
| **SGT. GLASS, ET AL.** | **SECTION: "J"(1)** |

## REPORT AND RECOMMENDATION

While incarcerated at the Jefferson Parish Correctional Center ("JPCC"), plaintiff, O'Neil Gilbert, III, filed this federal civil action pursuant to 42 U.S.C. § 1983. On January 4, 2023, the Court scheduled a preliminary conference in the case, and the JPCC's warden was ordered to produce plaintiff for that conference.[1] However, the Court was subsequently notified that the warden was unable to comply with that order because plaintiff was no longer incarcerated that the JPCC. Therefore, the hearing was canceled.[2]

Plaintiff provided no alternate address in the complaint, and he has failed to notify the Court of his current address despite being transferred from the JPCC. That failure is a direct violation of this Court's Local Rules, which expressly provide: "Each attorney and pro se litigant has a continuing obligation promptly to notify the court of any address or telephone number change." Local Rule 11.1. Moreover, it is clear that plaintiff was in fact aware of that obligation, in that his complaint included the following declaration: "I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice."[3]

---

[1] Rec. Doc. 11.
[2] Rec. Doc. 12.
[3] Rec. Doc. 1, p. 5.

Additionally, it must be noted that this Court's Local Rules provide:

> The failure of an attorney or pro se litigant to notify the court of a current e-mail or postal address may be considered cause for dismissal for failure to prosecute when a notice is returned to the court because of an incorrect address and no correction is made to the address for a period of 35 days from the return.

Local Rule 41.3.1. More than thirty-five days ago, mail sent to plaintiff at the JPPC, his address of record, was returned by the United States Postal Service as undeliverable.[4]

In light of the foregoing, it is appropriate to dismiss plaintiff's complaint for want of prosecution. The authority of a federal trial court to dismiss a plaintiff's action because of failure to prosecute is clear. Link v. Wabash R.R., 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988). The Federal Rules of Civil Procedure specifically provide that a court may, in its discretion, dismiss a plaintiff's action for failure to prosecute or for failure to comply with the Federal Rules of Civil Procedure or any order of the court and that such a dismissal is considered to be an adjudication on the merits. Fed. R. Civ. P. 41(b). The Court's power to dismiss for want of prosecution should be used sparingly, although it may be exercised *sua sponte* whenever necessary to achieve the orderly and expeditious disposition of cases. Ramsay v. Bailey, 531 F.2d 706, 707 (5th Cir. 1976).

Because plaintiff is proceeding pro se, the Court need only consider his conduct in determining whether dismissal is proper under Rule 41(b). Here, plaintiff has not provided the Court with his current address despite being aware of his obligation to do so. Due solely to his failure, this Court has no way to contact him to reschedule the preliminary conference or to otherwise advance his case on the docket. Accordingly, his complaint should be dismissed for failure to prosecute.

---

[4] Rec. Doc. 13. Subsequent mail to him at that address was likewise returned as undeliverable. Rec. Doc. 14.

2

## **RECOMMENDATION**

It is therefore **RECOMMENDED** that plaintiff's complaint be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this __28th__ day of February, 2023.

_____
**JANIS VAN MEERVELD**
**UNITED STATES MAGISTRATE JUDGE**